IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| JOE HAND PROMOTIONS, INC., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. 5:18-CV-164 (MTT) |
| BAHAMA BOB'S COUNTRY CLUB LLC d/b/a BAHAMA BOB'S, ROBERT PEEK, CHARLES LEE POTEAT, | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiff Joe Hand Promotions, Inc.'s Motion for a Default Judgment as to Defendants Bahama Bob's Country Club LLC d/b/a Bahama Bob's and Robert Peek ("Bahama Bob's"). Doc. 15. For the following reasons, the motion is **GRANTED**, and the Plaintiff is awarded $113,087.49.[1]

## I. BACKGROUND

On May 15, 2018, the Plaintiff filed a complaint alleging that Defendants violated 47 U.S.C. Section 605. The Plaintiff alleges Bahama Bob's violated § 605 by "pirat[ing] Plaintiff's licensed exhibition of the [televised] Program and infring[ing] upon Plaintiff's exclusive rights while avoiding proper authorization and payment to Plaintiff." Doc. 1 ¶ 14.

---

[1] The Court previously awarded a default judgment to the Plaintiff against Defendant Bahama Bob's Country Club LLC d/b/a Bahama Bob's and Charles Lee Poteat in the amount of $111,527.50. Docs. 13; 14.

On May 28, 2018, the Defendants were served with summons and complaint in accordance with Fed. R. Civ. P. 4 but have failed to file any responsive pleadings. A true and correct copy of proof was filed with the Court on August 10, 2018. Doc. 11. On August 21, 2018, the Clerk granted an entry of default. The Defendant has not moved to set aside the entry of default. On September 7, 2018, the Plaintiff moved for a default judgment. Doc. 15.

## II. DEFAULT JUDGMENT STANDARD

At a party's request and following the Clerk's entry of default, the Court may enter a default judgment against a defendant who has failed to plead or otherwise defend. *See* Fed. R. Civ. P. 55; *Solaroll Shade & Shutter Corp., Inc. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986). Entry of default judgment is committed to the discretion of the Court. *Hamm v. Dekalb Cty.*, 774 F.2d 1567, 1576 (11th Cir. 1985). However, default judgment does not follow automatically from an entry of default. The Court "must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. App'x 860, 863 (11th Cir. 2007); *see also Nishimatsu Constr. Co. Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[2] As to requests for damages, the Court may conduct evidentiary hearings, although "no such hearing is required where all essential evidence is already of record." *S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).

---

[2] The Eleventh Circuit has adopted as binding all decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

### III. JURISDICTION

To enter a valid default judgment, the Court must, of course, have both personal and subject matter jurisdiction. *Rash v. Rash*, 173 F.3d 1376, 1381 (11th Cir. 1991); *see also Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatoviskiy*, 242 F.3d 322, 324 (5th Cir. 2001) ("When entry of default is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction [over both] the subject matter and the parties."). Here, the Court has subject matter jurisdiction over the Plaintiff's § 605 claim. 47 U.S.C. § 605(e)(3)(A); *see also* 28 U.S.C. § 1331.

Moreover, the allegations in the Plaintiff's Complaint sufficiently allege that the Court has personal jurisdiction over the Defendants. Particularly, Bahama Bob's "is a business entity . . . that conducts business in the State of Georgia . . . [and is] located at 2132 Macon Road (US Highway 41), Perry, GA 31069," which is located within the Middle District of Georgia. Doc. 1 ¶ 2; *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) (holding that a corporation's place of incorporation and principal place of business are bases for general jurisdiction).

In sum, the Court has both subject matter and personal jurisdiction over this matter.

### IV. VIOLATIONS OF 47 U.S.C. § 605

Subsection (a) of 47 U.S.C. § 605 prohibits any person or entity from publishing programs via wire or radio to anyone other than the addressee who is authorized to view the program for private viewing. Paragraph (4) of 47 U.S.C. § 605(e) prohibits any person or entity from manufacturing, assembling, modifying, importing, exporting, selling, or distributing "any electronic, mechanical, or other device or equipment . . . [for

the] unauthorized decryption of satellite cable programming." Any person or entity aggrieved by violations of this statute may be awarded actual or statutory damages by a federal district court. 47 U.S.C. § 605(e)(3)(C)(i)(II). A commercial establishment is thus prohibited from displaying such programs whose nationwide distribution rights are owned by a separate entity to its patrons without paying a commercial licensing fee to that entity. *See, e.g.*, *J & J Sports Prods., Inc. v. Taqueria Jalisco, Inc.*, 491 F. App'x 962, 963 (11th Cir. 2012).

The Plaintiff alleges that Bahama Bob's willfully violated § 605 "with the purpose and intent to secure a commercial advantage and private financial gain." Doc. 1 ¶ 14. The Plaintiff's allegations establish that Bahama Bob's intercepted or received at its commercial establishment, via unauthorized satellite transmission or receipt over a cable system, the televised Program that the Plaintiff had the exclusive right to license and distribute to such commercial establishments. *Id.* ¶¶ 9, 12. The Plaintiff alleges that Bahama Bob's exhibited the program to its patrons at its commercial establishment without paying the commercial licensing fee to or receiving proper authorization to do so from the Plaintiff. *Id.* ¶ 13. The Plaintiff's allegations further establish that Bahama Bob's thus "infringed upon Plaintiff's exclusive rights." *Id.* ¶ 14. Therefore, by virtue of the actions described above and Bahama Bob's default, Bahama Bob's violated subsection (a) of § 605 and paragraph (4) of § 605(e), and the Plaintiff is the "aggrieved party" in this action under § 605.

## V. DAMAGES

**A.**     **Statutory Damages under 47 U.S.C. § 605**

Any person or entity aggrieved by any violation of this statute may be awarded actual or statutory damages "at the election of the aggrieved party." 47 U.S.C. § 605(e)(3)(C)(i). Statutory damages awarded by any court for a violation of subsection (a) of § 605 must not be "less than $1,000 or more than $10,000." 47 U.S.C. § 605(e)(3)(C)(i)(II). Statutory damages awarded by any court for a violation of paragraph (4) of § 605 must not be "less than $10,000 or more than $100,000." *Id.* If the court finds that the violation was committed willfully and for financial gain, it may award additional damages not to exceed $100,000 for each statutory violation. 47 U.S.C. § 605(e)(3)(C)(ii). Defendants in such actions are not entitled to a jury trial with respect to statutory damages. *J & J Sports Prods., Inc.*, 491 F. App'x at 963.

Given Bahama Bob's violations of subsection (a) and paragraph (4) of § 605 and its failure to respond to the Plaintiff's Complaint, the Court finds appropriate an award of the statutory maximums of each violation totaling $110,000.

**B.**     **Attorney's Fees and Costs**

Under § 605, the Court "shall direct the recovery of full costs, including reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii). "The starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (citation and quotation marks omitted). This number is called the "lodestar," and "there is a strong presumption that the lodestar is the reasonable sum the attorneys deserve." *Id.*

(citation and quotation marks omitted).  The district court should exclude "hours that were not reasonably expended," such as work that was "excessive, redundant, or otherwise unnecessary."  *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  In determining whether a lodestar is reasonable, the district court should consider twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc.*: (1) the time and labor required; (2) the novelty and difficulty; (3) the skill required to perform the legal service properly; (4) the opportunity cost of the attorney's inability to work on other cases as a result of accepting this one; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount of money at issue and the results obtained; (9) the experience and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client and (12) attorney's fee awards in similar cases. 488 F.2d 714, 717-19 (5th Cir. 1974), *overruled on other grounds by Blancher v. Bergeron*, 489 U.S. 87 (1989); *see also Blancher*, 489 U.S. at 92 ("*Johnson*'s 'list of 12' thus provides a useful catalog of the many factors to be considered in assessing the reasonableness of an award of attorney's fees.").  Downward adjustment of the lodestar is "merited only if the prevailing party was partially successful in its efforts," a determination the district court makes on a case-by-case basis.  *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1150 (11th Cir. 1993).

By failing to file any response to Plaintiff's Complaint or Motion for Default Judgment, Bahama Bob's has not contested the availability of attorney's fees and costs, the costs incurred by the Plaintiff, the time expended by the Plaintiff's counsel, the Plaintiff's counsel's rates of $375 per hour and $275 per hour, or any of the other

*Johnson* factors. The Court finds the 4.6 hours of time expended by the Plaintiff's senior counsel was necessary, and his/her hourly rate of $375 to be reasonable given his/her experience. The Court also finds the 2.5 hours of time expended by the Plaintiff's junior counsel necessary, and his/her hourly rate of $275 to be reasonable given his/her experience. Counsel also provided documentation reflecting filing fees in the amount of $400, service of process fees in the amount of $250, printing costs in the amount of $15.70, and postage costs in the amount of $9.29, totaling $674.99. Docs. 17; 17-1. Thus, the Plaintiff is entitled to recover attorney's fees and costs in the amount of $3,087.49.

## VI. CONCLUSION

For the reasons discussed above, the Plaintiff's Motion for Default Judgment is **GRANTED**. The Court finds that the Plaintiff should be awarded $112,412.50: attorney's fees and costs in the amount of $3,087.49 (4.6 hours at $375 an hour, plus 2.5 hours at $275 an hour, plus $674.99 in costs), and statutory damages in the amount of $110,000 ($10,000 maximum for a violating subsection (a), plus $100,000 maximum for violating paragraph (4)). Accordingly, Defendants Bahama Bob's Country Club LLC d/b/a Bahama Bob's and Robert Peek ("Bahama Bob's") are **ORDERED** to pay the Plaintiff $112,412.50.

**SO ORDERED,** this 3rd day of October, 2018.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL
UNITED STATES DISTRICT COURT